UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN CAMPBELL WHITNEY,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Hon. Jane M. Beckering

Case No. 1:23-cv-688

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff was not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision, arguing that it is not supported by substantial evidence.

Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, I recommend that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human*

*Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Fact finding is the Commissioner's province, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard contemplates a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords the administrative decision maker considerable latitude and precludes reversal simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff filed an application for DIB on April 3, 2020, alleging that he had been disabled since March 1, 2013, due to post traumatic stress disorder (PTSD). (PageID.79, 180–84.) Plaintiff was 29 years old at his alleged onset date and 36 years old at the time he filed his application. (PageID.79.) Plaintiff had completed four years of college with no degree. He had served in the

2

Air Force with an honorary discharge. (PageID.246, 44579.) Plaintiff's application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ). Following the hearing, ALJ David Read issued an unfavorable decision. (PageID.28–37.) The Appeals Council denied review on March 4, 2021. (PageID.14–16.) Plaintiff then filed an appeal in this Court, seeking review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). Thereafter, the Commissioner filed an unopposed motion to remand the matter pursuant to sentence four of Section 405(g), which was granted on April 5, 2022. (PageID.4647–48.) The Appeals Council remanded the matter to ALJ Read on June 25, 2022. (PageID.4544–45.)

On November 30, 2022, ALJ Read held a hearing by telephone during which Plaintiff and Robert A. Mosley, an impartial vocational expert (VE), testified. (PageID.4590–4614.) On December 9, 2022, ALJ Read issued a written decision denying Plaintiff's application. (PageID.4574–84.) The Appeals Council denied Plaintiff's request for review on May 20, 2023. (PageID.4564–67.) Therefore, the ALJ's ruling became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007). Plaintiff timely initiated this civil action for judicial review on June 28, 2023.

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. § 404.1520(a-f).[1] If the Commissioner can make a dispositive finding at

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of

3

any point in the review, no further finding is required. *See* 20 C.F.R. § 404.1520(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. § 404.1545.

Plaintiff bears the burden of establishing the right to benefits, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ first determined that Plaintiff met the insured status requirements of the Act through June 30, 2013, and had not engaged in substantial gainful activity since his alleged onset date of March 1, 2013, through his date last insured. (PageID.4576.) At step two, the ALJ found

---

Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

that, through his date last insured, Plaintiff suffered from severe impairments of: (1) PTSD; (2) history of polysubstance abuse; and (3) status-post laminectomy lumbar. (PageID.4577.) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. The ALJ considered listings 1.15 (disorders of the skeletal spine resulting in compromise of a nerve root) and 12.15 (trauma and stressor related disorders). Regarding listing 12.15, the ALJ considered the "paragraph B" criteria and found that Plaintiff had a mild limitation in the areas of understanding, remembering, or applying information and moderate limitations in the areas of interacting with others; concentrating, persisting, and maintaining pace; and adapting or managing oneself. (PageID.4577–78.)

The ALJ found that Plaintiff retained the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c), except:

> [T]he claimant can lift, carry, push, and pull 50 pounds occasionally and 25 frequently; sit for six hours, stand for six hours, and walk for six hours. The claimant can perform detailed but not complex tasks; not at a production rate pace (no assembly line work); interact with coworkers and the public occasionally; occasional changes in tasks or demands; and in addition to normal breaks, the claimant can be off task less than 10% percent of time in an eight-hour workday.

(PageID.4579.)

The ALJ found that Plaintiff had no past relevant work. (PageID.4582.) Thus, the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy that Plaintiff could perform. *See Richardson*, 735 F.2d at 964. Based on testimony from the VE, the ALJ found that an individual of Plaintiff's age, education, work experience, and RFC could perform the jobs of Cleaner II, Laundry Laborer, and Dining Room Attendant, approximately 120,000 of which existed in the national economy. (PageID.4583–84.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of*

*Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). The ALJ thus concluded that Plaintiff had not been disabled from his alleged onset date through his date last insured of June 30, 2013.

## DISCUSSION

Plaintiff raises three issues in his appeal: (1) whether the ALJ erred by failing to consider the Veterans Administration's (VA) 100% disability decision; (2) whether the ALJ failed to adequately address Plaintiff's impairments under the listings at step three; and (3) whether the ALJ failed to cite evidence or opinion in support of the functional limitations he included in his hypothetical question to the VE. (ECF No. 17 at PageID.5319.)

**I.      Failure to Consider the VA's Disability Determination**

Plaintiff first contends that the ALJ erred in failing to consider the VA's 100% disability decision in deciding his application for benefits. In doing so, however, the ALJ followed the applicable regulation. The regulation, 20 C.F.R. § 404.1520b(c), which applies to claims filed on or after March 27, 2017, states that certain evidence, including "decisions by other governmental agencies," is "inherently neither valuable nor persuasive." *Id.* § 404.1520b(c)(1). An ALJ will not provide any analysis in his or her decision about how such evidence was considered. *Id.* § 404.1520b(c). The VA is specifically considered a "governmental agency." 20 C.F.R. § 404.1504. Thus, the ALJ was not required to analyze or weigh the VA's disability decision in this case. *See Rene Antonio B.O. v. Comm'r of Soc. Sec.*, No. 22-1156, 2023 WL 5842289, at *8 (D.P.R. Sept. 11, 2023) (because the plaintiff filed his application for benefits in 2019, the ALJ was not required to consider Plaintiff's VA disability rating); *Shoen v. Comm'r of Soc. Sec.*, 1:21-cv-763, 2022 WL 3152233, at *3–4 (W.D. Mich. Aug. 8, 2022) (same). The case Plaintiff cites for his contention that the ALJ was required consider the VA's decision, *Joseph v. Berryhill*, No. 3:16CV2259, 2017

6

WL 3736787 (N.D. Ohio Aug. 30, 2017), is inapt here because the plaintiff in *Joseph* filed his application two years before 20 C.F.R. § 404.1520b took effect. *Id.* at *1.

Although the ALJ was not required to articulate an analysis of the VA's decision, he was still required to consider the evidence supporting the VA's decision. 20 C.F.R. § 404.1504; *Mooney v. Comm'r of Soc. Sec.*, No. 1:21-CV-01227, 2023 WL 4034152, at *8 (N.D. Ohio May 31, 2023, *report and recommendation adopted*, 2023 WL 4029767 (N.D. Ohio June 15, 2023) (although the ALJ was not required to analyze the VA's disability decision, he was required to consider the evidence underlying that decision). Here, the ALJ considered the evidence underlying Plaintiff's VA disability award. (PageID.4580–81.)

Thus, Plaintiff fails to demonstrate error on this ground.

**II.  ALJ's Step Three Finding**

Plaintiff next contends that the ALJ erred by failing to adequately address his impairments under the listings at step three. The claimant bears the burden of demonstrating that he meets or equals a listed impairment. *Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 539 (6th Cir. 2014). To satisfy this burden, the claimant must show he meets all of the criteria for that listing. *Hale v. Sec'y of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987); *see Bailey v. Comm'r of Soc. Sec.*, 413 F. App'x 853, 854 (6th Cir. 2011) (to demonstrate medical equivalence, "the claimant must present 'medical findings equal in severity to *all* the criteria for the one most similar listed impairment'"). An impairment that meets only some of the requirements of a listing does not qualify despite its severity. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Plaintiff argues that the evidence, including his testimony and VA records, established that he met the criteria of Listing 12.15 because he satisfied the criteria in both paragraphs A and C. Those paragraphs provide:

A. Medical documentation of all of the following:

7

      1. Exposure to actual or threatened death, serious injury, or violence;

      2. Subsequent involuntary re-experiencing of the traumatic event (for example, intrusive memories, dreams, or flashbacks);

      3. Avoidance of external reminders of the event;

      4. Disturbance in mood and behavior; and

      5. Increases in arousal and reactivity (for example, exaggerated startle response, sleep disturbance).

      . . . .

      C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:

      1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder; and

      2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life.

20 C.F.R. Part 404, Subpt. P, App. 1, § 12.15.

      There is no question that Plaintiff satisfied the paragraph A criteria. As for paragraph C, he contends that his testimony satisfied those criteria, and he points to evidence cited on pages 15–18 of his brief. The only evidence cited on those pages, however, is the report of psychological consultant Dr. Elaine Tripi. (ECF No. 17 at PageID.5330.) The remaining pages contain Plaintiff's argument. More importantly, Plaintiff fails to explain how the evidence shows that he met all the required criteria of part C during the brief period under consideration, essentially leaving that task for the Court. Plaintiff thus fails to meet his burden. *See Clinkscales v. Saul*, No. 19-11039, 2020 WL 2776741, at *4 (E.D. Mich. Apr. 21, 2020), *report and recommendation adopted*, 2020 WL 2768810 (E.D. Mich. May 28, 2020) ("[T]he only support Clinkscales offers to show she met Listing 12.06 is the unspecified reference to her entire treatment record, and her own testimony

from the hearing. Clinkscales thus fails to satisfy her burden of showing that she had marked limitations in two of the four functional criteria set forth in Paragraph B of Listing 12.06.").

Plaintiff also takes issue with the ALJ's paragraph B findings, noting that the "'analysis' is one sided and dismissive," because it identifies those times when his symptoms were no more than "moderate" and ignores other symptoms throughout the record. (ECF No. 17 at PageID.5334.) Yet, as with his paragraph C argument, Plaintiff fails to point to evidence supporting his argument and demonstrating that the ALJ's step-three discussion of the paragraph B criteria was not supported by substantial evidence. *See Wolschlager v. Comm'r of Soc. Sec. Admin.*, No. 2:19-cv-13008, 2021 WL 1556591, at *4 (E.D. Mich. Feb. 8, 2021), *report and recommendation adopted*, 2021 WL 1100263 (E.D. Mich. Mar. 23, 2021) ("[A]s Plaintiff bears the burden at Step 3 to prove that all of the specified medical criteria are satisfied, the Court is under no obligation to scour the record for any additional notations of positive straight-leg tests that Plaintiff has not identified.") (internal quotation marks omitted). Therefore, this claim of error lacks merit.

## III. ALJ's Hypothetical Question to the VE

The crux of Plaintiff's last argument is not entirely clear. In the heading, he asserts that the ALJ's RFC finding for his hypothetical posed to the VE was unsupported by evidence or opinion. (ECF No. 17 at PageID.5336.) To the extent Plaintiff contends that the ALJ was required to base his RFC finding on a medical source opinion, the argument lacks merit because a claimant's RFC is an administrative determination reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2) ("Although we consider opinions from medical sources on issues such as . . . your residual functional capacity. . . , the final responsibility for deciding these issues is reserved to the Commissioner."); *see Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018) ("We have previously rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion

9

consistent with that of the ALJ.") (citing *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442-43 (6th Cir. 2017) (rejecting the argument that "the ALJ's RFC lacks substantial evidence because no physician opined that [the claimant] was capable of light work")); *see also Colbert v. Comm'r of Soc. Sec.*, No. 2:15-cv-13467, 2017 WL 1214187, at *7 (E.D. Mich. Feb. 10, 2017), *report and recommendation adopted*, 2017 WL 1018149 (E.D. Mich. Mar. 16, 2017) (rejecting the plaintiff's argument that the record was "devoid" of medical opinions upon which the ALJ could have based his RFC determination because the plaintiff bore the burden to provide evidence showing a more restrictive RFC). Moreover, the ALJ cited evidence supporting his RFC finding, most, if not all, of which came from Plaintiff's VA records. (PageID.4580, 4581 ("I considered all available evidence associated with the VA determination.").

Next, Plaintiff points to testimony from the VE in response to his attorney's hypothetical including limitations based on an opinion from Elaine M. Tripi, Ph.D. (ECF No. 17 at PageID.5336–5338 (citing PageID.4608–14).) Based on this testimony, Plaintiff contends that "[t]he Administrations [sic] own expert concludes that the psychological factors identified as symptoms do in fact disable the claimant." (*Id.* at PageID.5338.) The problem with this argument is that the ALJ was not required to incorporate this portion of the VE's testimony because he had rejected the limitations that Dr. Tripi had opined. The ALJ assessed her opinion as unpersuasive because the evaluation occurred several years after the alleged onset date and the date last insured. He also found the opinions:

> not entirely consistent with the record overall, including multiple treatment notes over the years in 2015, 2017, 2018, and 2020, indicating that the claimant presented cooperative, of good insight and judgment, adequate focus and attention, adequate memory and sleep most nights with occasional nightmares, good energy and motivation, and decreased anxiety (*See* Exhibits 4F; 5F-7F; 8F).

(PageID.4581.) Plaintiff does not argue in his appeal that the ALJ erred in assessing Dr. Tripi's opinion under the relevant regulation, 20 C.F.R. § 404.1520c, or that the ALJ's assessment was

unsupported by substantial evidence. Accordingly, the ALJ was not required to adopt the VE's testimony based on Plaintiff's counsel's hypothetical. *See Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 715 (6th Cir. 2013) ("An ALJ is only required to incorporate into a hypothetical question those limitations he finds credible.") (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

Plaintiff also contends that the ALJ failed to address "[m]edical findings such as anger issues, acting out, or hostility to co-workers . . . not directly addressed in the ALJ's finding [that] the claimant had limitations to 'on task' ability." (ECF No. 17 at PageID.5339.) However, the ALJ explained that the mental limitations he included in his RFC finding, including performance of detailed but not complex tasks, no production rate pace (assembly line) work, occasional interaction with coworkers and the public, no more than occasional changes in tasks or demands, and off-task less than 10% of the time in an eight-hour workday were intended to address Plaintiff's "reported symptoms of irritability and anger with impaired focus, concentration, and memory, and trouble getting along with others" due to his PTSD and history of polysubstance abuse. (PageID.4581–82.) Thus, the ALJ accounted for these issues in his RFC finding.

Finally, Plaintiff asserts that "[t]he conclusions of other examiners and decision makers implicitly lead to more severe limitations," and he cites various "medical findings" purportedly in the record, but he cites no actual record evidence to support these assertions. (ECF No. 17 at PageID.5339.) While Plaintiff does cite the VA ratings decision, as noted above, the ALJ was not bound by this decision because it was "neither valuable nor persuasive" under the regulation. Thus, Plaintiff fails to properly support this argument.[2]

---

[2] In his reply, Plaintiff raises several new arguments and cites, for the first time, a 2016 medical opinion by Steve H. Pendzisewski, Psy. D. (ECF No. 19 at PageID.5357 (citing PageID.4377).) It is well settled that a party may not raise a new argument for the first time in a reply brief. *See*

Plaintiff's argument boils down to a request that the Court reweigh the evidence and substitute its judgment for that of the ALJ, which it may not do. *See Brainard*, 889 F.2d at 681 (citation omitted); *see also Rumsey v. Comm'r of Soc. Sec.*, No. 1:17-cv-749, 2018 WL 4346823, at *4 (W.D. Mich. Aug. 13, 2018), *report and recommendation adopted*, 2018 WL 4334624 (W.D. Mich. Sept. 11, 2018) ("The narrow scope of judicial review of the Commissioner's final administrative decision does not include re-weighing evidence.") (citing *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012)). In sum, the ALJ's decision shows that he considered the record as a whole and rendered a decision supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, I recommend that the Commissioner's decision be **affirmed**.

Dated: March 13, 2024                                          /s/ Sally J. Berens
                                                               SALLY J. BERENS
                                                               U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

---

*Palmer v. Comm'r of Soc. Sec.*, No. 1:17-cv-577, 2018 WL 4346819, at *7 (W.D. Mich. Aug. 9, 2018) (citing *Bormuth v. Cnty. of Jackson*, 870 F.3d 494, 500 (6th Cir. 2017)), *report and recommendation adopted*, 2018 WL 4334623 (W.D. Mich. Sept. 11, 2018) (finding that the plaintiff waived a new argument by waiting to assert it for the first time in her reply); *Swartz v Comm'r of Soc. Sec.*, No. 1:07-CV-771, 2008 WL 2952021, at *5 (W.D. Mich. July 29, 2008) ("It is well established that a reply brief is not the proper place to raise new arguments." (citing, among others, *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008))). Moreover, Plaintiff fails to demonstrate that the 2016 C & P Examination satisfies the requirements for a medical source opinion under 20 C.F.R. § 404.1513(a)(2). *See Dubose v. Kijakazi*, No. 4:21-cv-3688, 2023 WL 1960997, at *4–5 (D.S.C. Feb. 13, 2023) (finding that statements in a C & P Exam performed for the VA did not qualify as a medical source statement under the Social Security Administration's regulation, but instead constituted evidence that was neither valuable nor persuasive).

objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).